# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOMAR MERGAN<br>aka MOMAR MBERGAN<br>aka JASON B EDMOND, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-18-3229 |
| REGINA EDMOND,<br>AFGHAN CONSULATE<br>UMUC TRAUMA UNIT<br>U.S. DEPARTMENT OF EDUCATION,<br>EMBASSY OF GAMBIA, | *<br><br>*<br><br>* | |
| Defendants | * | |

***

## MEMORANDUM

The above-captioned complaint (ECF No. 1), invoking this court's federal question jurisdiction, was filed on October 17, 2018, along with a motion for leave to proceed in forma pauperis. (ECF No. 2). For the following reasons, the complaint will be dismissed and plaintiff's motion to proceed in forma pauperis granted.

The complaint names as defendants Regina Edmond, the Afghan Consulate, UMUC Trauma Unit, the U.S. Department of Education and Embassy of Gambia. ECF No. 1 at p. 1. Plaintiff alleges that he has been subjected to contract, tax and bank fraud and that he has suffered from medical malpractice and assault. *Id.* at p. 2. In support of his complaint, plaintiff states:

> Regina Edmond along with agencies within the U.S. department of state such as The Gambian Embassy, Afghan Embassy along with other agencies and the University of Maryland have engaged in unethical experimentations, medical malpractice and fraud by the Embassies. I have a Central Bank account and real estate which are fraudulently being used without my permission and transactions under my accounts without my permission.

> The embassy of The Gambia and Afghanistan have been intercepting my mail by claiming to be properly mangers of my properties. Every foreign friend I have has been recruited by their embassy to assist in obstruction of justice. I would like to request a court order preventing anyone or department from intercepting my mail and correspondence with the courts. My children are being hidden from me due to request of maternal DNA testing and my current family are also assisting the defendants in obstruction due to my claims of fraud by the defendants and family.
>
> The University of Maryland UMUC is withholding my lab, MRI and x-ray results due to my claims of unethical experimentation and medical malpractice under their employee Regina Edmond and Baltimore Trauma Unit. The defendants have teamed up to claim mental health to undermine my court claims. The defendants under the Department of State have been using Government documentation to force the U.S. postal service to intercept mail inbound and outbound. The defendants have also been using my account to offer relatives and friends to assist in a (security program) claiming I need guardianship and surveillance. I am asking for a jury trial and immediate control of all my assets.

ECF No. 1 at pp. 2-3

As noted, plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond

the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

A complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Clearly the allegations asserted by plaintiff are the product of fantasy or delusional thinking that cannot be addressed by this court. Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Plaintiff's complaint shall be dismissed. A separate Order follows.

10/30/18
Date

/s/ CCB
Catherine C. Blake
United States District Judge